## Case No. 15,562.

### UNITED STATES v. LARKIN.

[Hoff. Dec. 23.]

District Court, N. D. California.  Feb. 7, 1861.

MEXICAN LAND GRANTS — LOCATION — OBJECTIONS TO SURVEY—SUBSEQUENT GRANT OF SAME LAND.

[1. If a grant solicited by the diseño describes the first line as being a designated parallel of latitude, and the same is delineated on the diseño with great accuracy by reference to natural monuments, and the grant refers to the diseño for the description of the lands, the line as established by such natural monuments must be taken as the true boundary, although, owing to the lack of facilities or skill for determining parallels of latitude, the said natural line does not in fact coincide with the parallel line.]

[2. Where, after a valid grant had been made, a subsequent grant of a large tract, including most of the first grant, was made to another, on the supposition that the first grant had been abandoned, held that the first grant having been made with reference to a base line ascertainable with positive accuracy, with a statement of quantity which would determine the other lines. the tract must be located according to the said description without reference to the fact of its inclusion in the subsequent grant, and without any attempt to extend it otherwise than as described for the purpose of avoiding such subsequent grant.]

[3. The location of a valid grant, confirmed by the departmental assembly, cannot in any way be affected by the circumstance that, without any notice to the grantee, his grant was treated as forfeited, and a part of the land embraced within the diseño of a tract granted to another.]

[Claim of T. O. Larkin to a ranch on Feather river, originally granted to one Flugge. On objections by the United States to the survey.]

HOFFMAN, District Judge.  The rancho which has been surveyed was originally granted to one William Flugge, on the 21st of February, 1844.  The tract solicited is described in the petition as situated "on the west side of Feather river, and extending along the said river from north latitude 39° 33' 45" to the parallel 39° 46' 45"," forming, on this line, a square one league in breadth, and called "Boga," as appears by the accompanying diseño: On the 21st of February, 1844, the governor, by his decree of concession, declared Flugge the owner of five square leagues on the western side of the Feather river, and in the center of a tract called "Boga." Its first boundary to be from the parallel of latitude 39° 33' 45" N. The formal title issued on the same day, describes the land in a similar manner, and the fourth condition states it to be "of the extent of five square leagues, as the respec-

tive diseño explains." On the 13th of June, 1845, the grant was approved by the departmental assembly; and on the 26th of June of the same year a certificate of the approval was given to the grantee. The diseño which accompanies the petition was drawn by John Bidwell, and it represents the land solicited with unusual accuracy and certainty. A tract on the west bank of the Feather river is delineated five leagues in length and one in breadth, as shown by the scale. At its southern extremity, a straight line, marked "Latitud norte 39° 33' 45"," is drawn; while on the north, on the margin of the paper, the words "Latitud 39° 48' 45"" are written. It would seem, from this description, that the precise tract intended to be granted could be located with entire certainty. It is said, however, that the southern boundary of the land, as surveyed, is not the true parallel of latitude 39° 33' 45", which is much further to the north, and it is suggested that the land should be bounded on the south by that parallel, wherever the same, on accurate observations, be found to be.

It is not proved in this case where that line of latitude is in fact situated. I do not, however, understand it to be claimed that the land has been located with reference to it. With the imperfect instruments and inaccurate observations upon which the former inhabitants of the country were obliged to rely, it would be surprising if the latitude of any points had been determined with entire accuracy. But the diseño shows unmistakably what was the situation of the line considered and called the parallel of north latitude 39° 33' 45". It represents other ranchos lying below it on the river. Four Indian rancherias lying on the other side of the river are also designated, two near the upper and two near the lower lines of the tract. Near the center is represented an Indian village, called "Boga," from which the rancho derived its name, and what is still more unmistakable, the Honcut creek is laid down as flowing into the Feather river at a point somewhat to the south of the center of the tract. On comparing the course of the river, as represented on the diseño, with its delineation on the returned plot of survey, it will be found to be laid down on the former with great accuracy. Almost every bend can readily be recognized and identified, and the portion of it along which the rancho was intended to be located can be determined with entire certainty. As, then, the situation of the southern boundary is thus determined by natural objects, it must be located with reference to them, notwithstanding that the grantor, by reason of imperfect observations or inaccurate calculations, may have made an error in designating it as a particular parallel of latitude. If any authority be needed on a point so clear, it will be found in the case of U. S. v. Sutter [21 How. (62 U. S.) 170], when the

supreme court disregarded a similarly erroneous designation of a parallel of latitude and located the line with reference to natural objects, and in accordance with the testimony showing where it was, in fact, run upon the ground.

It is further objected to the survey that the same land was afterwards granted to the brothers Fernandez. It appears that, after the grant to Flugge, the brothers Fernandez applied to Sutter for a certificate to the effect that certain lands on the Feather river, north of Sutter's line, and extending to the foot-hills of the Sierra Nevada, were vacant. Sutter, supposing that Flugge had abandoned his grant, directed Bidwell to make a map for the brothers Fernandez, embracing the best lands on the west bank of the Feather river. This Bidwell accordingly did, and the map was made so as to include a tract, extending from what was supposed to be Sutter's north line to the foot-hills, and including the place called "Boga," and all or the greater portion of Flugge's land, together with lands to the north of the latter extending to the foot-hills. The claim of Fernandez has been confirmed, surveyed, and patented. It is located five leagues to the north of the northern line of Sutter as now surveyed. The Larkin survey, now under consideration, embraces these five leagues, lying between the southern line of Fernandez and the northern line of Sutter.

It is urged, that inasmuch as the land designated on the diseño of Fernandez includes the whole or the greater part of the tract granted to Flugge, and inasmuch as the grant of the former has been located on the northern part of the tract embraced within his diseño, Flugge's grant should be so located as to cover the same lands; it being apparent that the government has made two grants of the same lands, the first grant having been treated as abandoned. This suggestion might possibly have been made with some force with regard to the location of the Fernandez grant. But the location of that grant has been finally made without the interposition of this court, the survey has been approved, and the patent issued. The only question now to be considered is, what lands were granted to Flugge. Nor can the location of his grant be affected by the circumstance, that without any denouncement, or notice to him, his grant, though confirmed by the departmental assembly, was treated as forfeited, and a portion of his land embraced within the diseño of a tract granted to another. The location of the Flugge rancho is fixed by the very terms of his grant and the delineation of the diseño, and nothing is necessary but to find the true situation of the line marked, on the diseño, "latitud norte 39° 33' 45"," and measure thence to the northward five leagues in length by one in width along the Feather river.

It is further objected that Larkin, the

claimant, has sought to locate his land further up the river than the present survey; that he has represented such location to be that called for by the grant and claimed by him, and that various persons have made settlements on the southern portion of what is now embraced in the survey. If under the grant and within the limits of the diseño, any election could have been exercised by Larkin, as to the precise location of the quantity granted, he might possibly be found to make his election in accordance with previous representations, on the truth of which others have innocently relied. But whether or not such representations and claims would amount to an election, so as to estop him from subsequently making any other, it is unnecessary to inquire, for his grant permits no right of election whatever. It designates, in terms, the "first boundary." The Feather river is the second. The petition and diseño show the width of the tract, viz. one league, and quantity will determine the northern boundary. I am unable to perceive how, with so distinct a designation of the precise land, either Mr. Larkin or this court can exercise any discretion on the subject. The land granted, and none other, must be surveyed, no matter what may be the wishes of the present owners, or what might have been the erroneous notions or representations of Mr. Larkin as to its location.

But in locating this line, it appears to have been supposed that the northern line of Sutter's rancho was intended to be the southern line of the grant. It is true that Mr. Bidwell states that he meant the tract on the diseño to have for its southern boundary the land of Sutter. But neither the petition nor the grant make any mention whatever of Sutter's land. The position of the line which the grant declares to be the "first boundary," must either be determined by ascertaining where is the 39° 33' 45" north, or by finding by means of natural objects the position of the line so marked, and which the grantor erroneously supposed to be the parallel mentioned. That the latter course must be adopted is clear. But on comparing the line as drawn on the diseño with the southern boundary of the land surveyed, it is, I think, manifest, that the tract has been located too far to the southward. The Honcut creek, which is, perhaps, the most unmistakable object delineated on the diseño, is represented on the latter as falling into the Feather river,—the part below the junction being considerably less in extent than that above it. But in the tract surveyed, the junction of these streams is considerably above the center of the tract, leaving much the larger portion of the land below it. Again, the lands of the river, below the point of junction, are laid down on the diseño with much accuracy, and can be recognized and identified on the plot, though the latter is on a much larger scale. It can

readily be seen, by comparing the two, at what point on the river the southern boundary of the diseño was run; and its position can further be ascertained by reference to the rancherias Honcut and Beebee, which are noted on the diseño as to the north of it, and the Rancheria Tomscha, which is referred to as lying to the south of it, and not within the tract solicited. It would seem that the most southern of these rancherias has been included in the survey. But the more reliable indication is the course of the river. By tracing its course from the junction of the streams, in both maps, it will be found that the southern line of the survey is not drawn at the head where the line of latitude is drawn on the diseño, but considerably above it. This I consider clearly erroneous.

It would seem that the surveyor has taken the southern line of the Fernandez rancho for his point of beginning, and surveyed south for the quantity, whereas the grant explicitly directs that the southern line be marked on the diseño, 39° 33' 45", shall be the "first boundary," but makes no mention whatever of a northern boundary. If, by commencing as the grant directs, the five leagues should embrace any portion of the land patented to Fernandez, it is a result naturally to be expected when a second grantee asks for and obtains land already granted to another. He may esteem himself fortunate (if Flugge's be the better title) that within the limits of his diseño was included a tract sufficiently large to allow his four leagues to be located in great part without interfering with Flugge, and that he has been allowed so to locate it as to cover the remainder of the tract. But it cannot be claimed, that, in order to give Fernandez his whole four leagues, the Flugge grant is to be pushed further down the river than the point so explicitly referred to in the grant, and plainly delineated on the diseño as the southern boundary.

It has already been said that neither the grant nor the petition in any way mention the land of Sutter, or his supposed northern line as forming the southern boundary of the tract. The parallel of latitude mentioned in Sutter's grant as his northern boundary is 39° 41' 45" N, while the parallel mentioned in this grant as its southern boundary is 39° 33' 45". This last cannot, therefore have been designated in this grant on the supposition that it formed the northern line of Sutter. But, even if the parallel on this diseño were the same as that designated in Sutter's grant as his northern boundary, it would merely show that the draftsman supposed that Sutter's line would be identical with the line drawn on this diseño as the southern boundary. Whether it be so or not cannot now be determined. The position of the line marked on this diseño with the figures 39° 33' 45" is absolutely fixed by unmistakable natural objects. Nor

can it be moved further south, so as to co-incide with Sutter's northern line, as since surveyed, mainly because the two might have been supposed to be identical.